**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,        )
425 Third Street, S.W., Suite 800   )
Washington, DC 20024,       )
          )
      Plaintiff,    )
          )   Civil Action No.
v.               )
          )
U.S. DEPARTMENT OF JUSTICE,  )
950 Pennsylvania Avenue, N.W.   )
Washington, DC 20530-0001,    )
          )
      Defendant.   )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States

Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-

0001.

## STATEMENT OF FACTS

5.      On May 29, 2018, Plaintiff submitted a FOIA request to Defendant by certified

mail, seeking copies of:

a)      All records from the Office of the Deputy Attorney General relating to Fusion
GPS, Nellie Ohr and/or British national Christopher Steele, including but not limited to
all records of communications about and with Fusion GPS officials, Nellie Ohr and
Christopher Steele.

b)      All records from the office of former Associate Deputy Attorney General Bruce
G. Ohr relating to Fusion GPS, Nellie Ohr and/or British national Christopher Steele,
including but not limited to all records of communications (including those of former
Associate Deputy Attorney General Ohr) about and with Fusion GPS officials, Nellie Ohr
and Christopher Steele.

c)      All records from the office of the Director of the Organized Crime Drug
Enforcement Task Force relating to Fusion GPS, Nellie Ohr and/or British national
Christopher Steele, including but not limited to all records of communications (including
those of former OCDETF Director Bruce Ohr) about and with Fusion GPS officials,
Nellie Ohr and Christopher Steele.

The time frame for the requested records is January 2016 to the present.

6.      By separate e-mail and letter dated June 7, 2018, Defendant acknowledged

receiving Plaintiff's FOIA request on June 7, 2018 and assigned it Tracking Number DOJ-2018-

005947.  The letter identified the DOJ components most likely to have the requested records as

FOIA/PA, Office of Information Policy for the Department of Justice and FOIA/PA, Executive

Office for Organized Crime Drug Enforcement Task Forces.

7.      On July 5, 2018, the Office of Information Policy for the Department of Justice responded by letter on behalf of the Office of the Deputy Attorney General in which it acknowledged receipt of Plaintiff's FOIA request on June 7, 2018.  The Office of the Deputy Attorney General also represented, in part, that it would need beyond the ten additional days provided by FOIA to respond to Plaintiff's FOIA request.  To date, Plaintiff has not received any other communication from the Office of the Deputy Attorney General regarding the status of Plaintiff's FOIA request.

8.      Additionally, the Executive Office for the Organized Crime Drug Enforcement Task Forces responded by letter dated July 16, 2018 in which it acknowledged receipt of Plaintiff's FOIA request on June 7, 2018 and advised Plaintiff that the request had been assigned number FOIA-OCD2018-0029.

9.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's request within (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the records thereof, and the right to appeal any adverse determination.  Defendant's determination was due by July 20, 2018 with the additional ten days.  5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

10.     As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and

Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with

FOIA.

13.     To trigger FOIA's administrative exhaustion requirement, Defendant was

required to determine whether to comply with Plaintiff's request within the time limits set by

FOIA.  Accordingly, Defendant's determination was due on or about July 20, 2018.  By this

date, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine

and communicate to Plaintiff the scope of any responsive records Defendant intended to produce

or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any

adequately specific, adverse determination.  *See, e.g.*, *Citizens for Responsibility and Ethics in

Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

14.     Because Defendant failed to determine whether to comply with Plaintiff's request

within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal

remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 7, 2018

Respectfully submitted,

/s/ *Ramona R. Cotca*
Ramona R. Cotca (D.C. Bar No. 501159)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Counsel for Plaintiff*